IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY, | ) ) ) | C.A. No. 3:12-cv-02280-JFA |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| REPUBLIC SERVICES, INC., LEE COUNTY LANDFILL SC, LLC, and REPUBLIC SERVICES OF SOUTH CAROLINA, LLC, | ) ) ) ) ) ) | **(JURY TRIAL REQUESTED)** |
| DEFENDANTS. | ) ) | |

Plaintiff, Indian Harbor Insurance Company ("Indian Harbor"), by and through its attorneys and for its Complaint, alleges as follows:

## PARTIES

1. Indian Harbor is a North Dakota corporation with its principal place of business in Connecticut.

2. Defendant Republic Services, Inc. is a Delaware corporation with its principal place of business in Arizona.

3. Upon information and belief, Defendant Lee County Landfill SC, LLC is a Delaware corporation with its principal place of business located in Arizona or South Carolina.

4. Upon information and belief, Defendant Republic Services of South Carolina, LLC is a Delaware corporation with its principal place of business located in Arizona or South Carolina.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. An actual controversy exists between Indian Harbor and the above-named Defendants regarding whether Indian Harbor has any obligation under Indian Harbor Policy No. PEC002351502 to defend or indemnify Defendants in certain underlying lawsuits. Specifically, Indian Harbor seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that it has no duty to defend or indemnify Defendants in these lawsuits.

7. Pursuant to 28 U.S.C. § 1391(a)(2), proper venue for this action is the United States District Court for the District of South Carolina, Columbia Division, because a substantial part of the events complained of occurred within this District and Division.

## THE UNDERLYING LAWSUITS

The Berry Lawsuit

8. On or about August 10, 2009, W.A. and Ruth Berry (the "Berry Plaintiffs") filed a lawsuit ("the Berry Lawsuit") in the Court of Common Pleas for the Third Judicial Circuit, County of Lee, South Carolina, where it was assigned case number 2009-CP-31-160. The public record indicates that, on or about August 23, 2010, the Berry Lawsuit was struck from the docket pursuant to Rule 40(j), SCRCP, and subsequently restored to the active docket pursuant to said procedural rule on or about August 15, 2011 under case number 2011-CP-31-166. (The original complaint in the Berry Lawsuit, which is the only complaint from that lawsuit in Indian Harbor's possession, is attached as Exhibit A hereto.)

9. In their complaint, the Berry Plaintiffs alleged that Defendants owned and operated the Lee County Landfill ("the Landfill") near Bishopville, Lee County, South Carolina.

10. The Berry Plaintiffs further alleged that the Defendants caused and allowed terrible, noxious and unpleasant odors and fumes, gases and dust, often nauseating, stifling and unbearable, to emanate from the Landfill onto real estate owned by the Berry Plaintiffs. Plaintiffs claimed that Defendants had received and ignored complaints about odors at the Landfill for a number of years.

11. Despite numerous requests to the Defendants for information regarding the Berry Lawsuit, the current status of the lawsuit is unknown to Indian Harbor.

The Babb Lawsuit

12. On or about June 4, 2010, Perrin and Debbie Babb, Wayne and Sarah Elstrom, and Alan and Kathy Jackson (the "Babb Plaintiffs") filed a lawsuit ("the Babb Lawsuit") against Defendants in the Court of Common Pleas for the Third Judicial Circuit, County of Lee, South Carolina. On or about July 1, 2010, Defendants removed the Babb Lawsuit to the United States District Court for the District of South Carolina, Columbia Division, where it was assigned case number 3:10-cv-01724-JFA. (The complaint in the Babb Lawsuit is attached as Exhibit B hereto.)

13. In their complaint, the Babb Plaintiffs alleged that Defendants owned and operated the Landfill.

14. The Babb Plaintiffs further alleged that the Defendants caused and allowed terrible, noxious and unpleasant odors and fumes, gases and dust, often nauseating, stifling and unbearable, to emanate from the Landfill onto the multiple parcels of real estate owned by the

3

Babb Plaintiffs. Plaintiffs claimed that Defendants had received and ignored complaints about odors at the Landfill for a number of years.

15. On March 30, 2012, a jury found in favor of the Babb Plaintiffs and against Lee County Landfill SC LLC and awarded compensatory damages as follows: $77,500 to Perrin Babb; $100,000 to Debbie Babb; $77,500 to Wayne Elstrom; $77,500 to Sarah Elstrom; $100,000 to Alan Jackson; and $100,000 to Kathy Jackson. Additionally, the jury awarded $300,000 in punitive damages to each of the Babb Plaintiffs. Total damages awarded in the Babb Lawsuit were $2,332,500.

### THE INSURANCE POLICY

16. Indian Harbor issued Pollution and Remediation Legal Liability Policy No. PEC002351502 to Republic for the period June 30, 2009 to June 30, 2010 (the "Policy"). (A full and complete copy of the Policy is attached hereto as Exhibit C.)

### COUNT I – DECLARATORY RELIEF
### NON-DISCLOSED CONDITIONS EXCLUSION

17. Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 16 of this Complaint.

18. The Policy contains a non-disclosed conditions exclusion that provides in relevant part as follows:

> This Policy does not apply to LOSS, REMEDIATION EXPENSE, LEGAL EXPENSE or any other coverages afforded by endorsement attached to this Policy:
>
> * * *
>
> arising from any POLLUTION CONDITIONS existing prior to the inception date of this Policy, and reported to or known by a RESPONSIBLE INSURED, which was not disclosed in writing to the Company in the Application or related materials prior to the inception date of this Policy or prior to the locations stated in the

4

> Pollution Legal Liability and Remediation Legal Liability Schedule being endorsed onto this Policy. Any POLLUTION CONDITIONS disclosed in writing to the Company and not otherwise excluded under this Policy is deemed to be first discovered on the date a location is endorsed onto this Policy.

19.     The odors alleged in the Berry and Babb Lawsuits constitute a Pollution Condition as defined by the Policy.  This Pollution Condition existed prior to the inception date of the Policy, were reported or known by a Responsible Insured (as defined by the Policy), and were not adequately disclosed in writing to Indian Harbor in the Application or related materials prior to the inception date of the Policy.

20.     Specifically, Defendants misrepresented the magnitude and status of the odor problems at the Landfill.  Despite overwhelming evidence to the contrary, Defendants stated that the odor problems at the Landfill were "under control 98%+."  In reality, the odor problems were serious, ongoing, and the subject of complaints by neighboring homeowners.  In fact, numerous witnesses in the Babb Lawsuit testified at trial that the odors continue unabated to this day and were never under control in 2008 or afterward.

21.     For these reasons, the nondisclosed conditions exclusion bars coverage for the Babb and Berry Lawsuits under the Policy.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

(a)     declaring that Indian Harbor has no obligation to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits;

(b)     awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)     awarding all other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF
### <u>DECLARATIONS AND REPRESENTATIONS CONDITION</u>

22. Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 21 of this Complaint.

23. The Policy contains the following Declarations and Representations condition:

> **Declarations and Representations** – By acceptance of this Policy, the INSURED agrees that the statements contained in the Application and any other supplemental materials and information submitted herewith are the INSURED'S agreements and representations, that they shall be deemed material, that this Policy is issued in reliance upon the truth of such representations and that this Policy embodies all agreements existing between the INSURED and the Company or any of its agents relating to this insurance.

24. In materials provided by Defendants in conjunction with issuance of the Policy, Defendants misrepresented and failed to disclose the status of the odor problems at the Landfill. The odor problems were material to the issuance of the Policy and Indian Harbor issued the Policy, as written, in reliance upon the truth of statements made by Defendants in conjunction with issuance of the Policy. Therefore, the Policy is void with respect to the Berry and Babb Lawsuits.

25. Accordingly, Indian Harbor has no duty to defend or indemnify the Defendants in connection with the Babb and Berry Lawsuits under the Policy.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

(a) declaring that Indian Harbor has no obligation to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits;

(b) awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

    (c)    awarding all other and further relief as this Court deems just and proper.

## COUNT III – RESCISSION

26.    Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 25 of this Complaint.

27.    In materials provided by Defendants in conjunction with issuance of the Policy, Defendants intentionally misrepresented and failed to disclose the status of the odor problems at the Landfill. These misrepresentations were made with the intent to deceive Indian Harbor regarding the true nature and extent of the odor problems at the Landfill.

28.    The odor problems were material to the risk to be insured against and to the issuance of the Policy and Indian Harbor issued the Policy, as written, in reasonable reliance upon the truth of statements and/or representations made by Defendants in conjunction with issuance of the Policy.

29.    For these reasons, the Policy, as it pertains to the Landfill, should be rescinded and all coverages for the Landfill should be declared void ab initio.

30.    Accordingly, Indian Harbor has no duty to defend or indemnify the Defendants in connection with the Babb and Berry Lawsuits under the Policy.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

    (a)    rescinding the Policy, as it pertains to the Landfill;

    (b)    declaring the Policy void ab initio with respect to all coverages for the Landfill;

    (c)    awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

    (d)    awarding all other and further relief as this Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF
## <u>COOPERATION AND CONSENT CONDITION PRECEDENT</u>

31. Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 30 of this Complaint.

32. The Policy contains the following cooperation and consent condition precedent to coverage:

> As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:
>
> 1. The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and
>
> 2. The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses. In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.
>
> It is further agreed, that the INSURED shall cooperate with the Company and upon the Company's request shall submit to examination by a representative of the Company, under oath if required, and shall attend hearings, depositions and trials and shall assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits, as well as in the investigation and/or defense thereof, all without charge to the Company. The INSURED shall further cooperate with the Company and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which the INSURED may have.
>
> * * *

8

> No costs, charges or expenses shall be incurred, nor payments made, obligations assumed or remediation commenced without the Company's written consent which shall not be unreasonably withheld. This provision does not apply to costs incurred by the INSURED on an emergency basis, where any delay on the part of the INSURED would cause injury to persons or damage to property, or increase significantly the cost of responding to any POLLUTION CONDITION. If such emergency occurs, the INSURED shall notify the Company immediately thereafter.

33. Defendants incurred charges and expenses, made payments, and assumed obligations related to the Berry and Babb Lawsuits without Indian Harbor's consent, either written or otherwise. None of these were incurred on an emergency basis. Therefore, a condition precedent of coverage has not been satisfied and coverage is unavailable for such charges, expenses, payments, and obligations.

34. Defendants have failed to cooperate with Indian Harbor as required by the cooperation and consent condition precedent to coverage. Among other things, and without limitation, Defendants (1) failed to notify Indian Harbor of the Berry Lawsuit for more than six months after it was filed; (2) failed to provide Indian Harbor with a copy of the complaint in the Berry Lawsuit for almost a year after it was filed; (3) incurred defense costs of approximately $10,000 per month but failed to keep Indian Harbor apprised of the status of the exhaustion of the Policy's $1 million self-insured retention; (4) failed to provide invoices documenting the alleged exhaustion of the self-insured retention; (5) failed to provide information requested by Indian Harbor relating to the claim background and status of the Babb lawsuit, and (6) failed (and continue to fail) to keep Indian Harbor apprised as to the status of the Berry Lawsuits.

35. The cooperation and consent condition precedent of coverage has not been fulfilled, and Indian Harbor has been prejudiced by Defendants' failure to comply with the said condition precedent.

9

36. For these reasons, Indian Harbor has no duty to defend or indemnify Defendants in connection with the Berry or Babb Lawsuits under the Policy.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

(a) declaring that Indian Harbor has no obligation to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits;

(b) awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

## COUNT V– DECLARATORY RELIEF
## LATE NOTICE

37. Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 16 of this Complaint.

38. The Policy contains the following notice condition precedent to coverage:

> As a condition precedent to the coverage hereunder, in the event any CLAIM is made against the INSURED for LOSS or REMEDIATION EXPENSE, or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS or REMEDIATION EXPENSE:
>
> 1. The INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and
>
> 2. The INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses. In the event of oral notice, the INSURED agrees to furnish to the Company a written report as soon as practicable.

39. Though the Berry Lawsuit was filed in August 2009, Defendants did not notify Indian Harbor of the Berry Lawsuit until March 2010, almost seven months after the Berry Lawsuit was filed.

40. By waiting more than six months to notify Indian Harbor of the Berry Lawsuit, Defendants failed to comply with the notice condition precedent to coverage. Indian Harbor was prejudiced by this failure.

41. Accordingly, Indian Harbor has no duty to defend or indemnify Defendants in connection with the Berry or Babb Lawsuits under the Policy.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

(a) declaring that Indian Harbor has no obligation to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits;

(b) awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

## **COUNT VI – DECLARATORY RELIEF – OTHER COVERAGE ISSUES**

42. Indian Harbor repeats and incorporates by reference herein the allegations of Paragraphs 1 through 16 of this Complaint.

43. Indian Harbor has no duty to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits:

(a) to the extent that any CLAIM was made against Republic outside of the POLICY PERIOD;

    (b)    to the extent that any LOSS, REMEDIATION EXPENSE, LEGAL EXPENSE or any other coverages arose from any POLLUTION CONDITION that resulted from the intentional disregard of, or the deliberate, willful or dishonest non-compliance by a RESPONSIBLE INSURED with any statute, regulation, ordinance, order, notice letter or instruction from, by or on behalf of any governmental body or entity; or

    (c)    to the extent that any LOSS, REMEDIATION EXPENSE, LEGAL EXPENSE or any other coverages were based upon or arose out of exposure to infected individuals or animals, or contact with bodily fluids of infected individuals or animals.

WHEREFORE Plaintiff, Indian Harbor Insurance Company, respectfully requests that this Court enter a judgment:

    (a)    declaring that Indian Harbor has no obligation to defend or indemnify Defendants with respect to the Berry or Babb Lawsuits;

    (b)    awarding Indian Harbor its attorneys' fees, costs, and disbursements in prosecuting this action; and

    (c)    awarding all other and further relief as this Court deems just and proper.

**INDIAN HARBOR REQUESTS A TRIAL BY JURY
ON ALL MATTERS SO TRIABLE**

**&lt;SIGNED ON THE FOLLOWING PAGE&gt;**

Respectfully submitted,

YOUNG CLEMENT RIVERS, LLP

By: *s/Russell G. Hines*
Stephen L. Brown (Fed. ID No. 6428)
Russell G. Hines (Fed. ID No. 9813)
P. O. Box 993 (29402)
25 Calhoun Street, Suite 400
Charleston, SC  29401
Telephone: (843) 720-5488
Email:  sbrown@ycrlaw.com
           rhines@ycrlaw.com

*ATTORNEYS FOR THE PLAINTIFF*

Charleston, South Carolina

August 9, 2012

13