IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Indian Harbor Insurance Company, | ) | C/A No.: 3:12-cv-2280-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Republic Services, Inc.; Lee County Landfill SC, LLC; and Republic Services of South Carolina, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on a Motion to Dismiss or to Stay (ECF No. 8) filed by the Defendants, Republic Services, Inc.; Lee County Landfill SC, LLC; and Republic Services of South Carolina, LLC (collectively "the Republic Defendants").

## I.     Factual and Procedural History

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") is an insurance company. The Republic Defendants are all in the landfill business. The Republic Defendants are related through a complex corporate structure, but they all have some relationship to the Lee County Landfill (the "Landfill"), which is located in Bishopville, South Carolina. This case concerns a Pollution and Remediation Legal Liability Policy No. PEC002351502, which Indian Harbor issued to the Republic Defendants for the period June 30, 2009 to June 30, 2010 (the "Policy").

Indian Harbor filed this action on August 9, 2012 seeking a declaratory judgment as to whether it has an obligation under the Policy to defend or indemnify the Republic

1

Defendants with respect to two lawsuits that are in various stages of litigation in South Carolina. Both of those underlying lawsuits were brought by neighbors of the Landfill who claim that odors from the Landfill migrated onto their properties. One of those cases, *Babb v. Lee County Landfill*, has already gone to trial in this court, and in that trial the jury awarded the plaintiffs over $2.3 million in damages. This court is still tasked with resolving the pending motion for judgment as a matter of law and the injunction phase of the Babb case. The case is currently stayed while the Supreme Court of South Carolina decides a number of issues that this court certified to it. The other case, *Berry v. Lee County Landfill*, is currently pending in state court, but it has yet to go to trial. In the instant action, Indian Harbor asserts that it is not obligated to defend or indemnify the Republic Defendants in either the *Babb* or *Berry* lawsuits for reasons relating to nondisclosure, failure to cooperate, failure to obtain consent, and late notice.

On August 14, 2012, the Republic Defendants filed an action in Arizona state court seeking coverage for costs related to the Middle Point Landfill in Murfreesboro, Tennessee. Three days later, Defendants amended that lawsuit to add claims for reimbursement of costs for the *Babb* and *Berry* lawsuits. Indian Harbor removed that case to the United States District Court for the District of Arizona, Phoenix Division on September 17, 2012.

The Republic Defendants filed this Motion to Dismiss or Stay the Declaratory Judgment Action on August 20, 2012 (before the Arizona case had been removed to federal court). The Plaintiff responded on September 21, 2012, and the Defendants replied on October 1, 2012.

2

## II.     Legal Standard

A district court has "great latitude in determining whether to assert jurisdiction over [a] declaratory judgment action[]."  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (1998) (citations omitted).  The Supreme Court has described the discretion to be exercised by district courts as follows:

> "There is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.  By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.  Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.  In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (citations omitted).

Generally, a case pending in federal court "may be dismissed 'for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.'"  *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F.Supp.2d 688, 697 (D.S.C. 2007) (quoting *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)) (internal alteration omitted).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (citing *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)).

The Fourth Circuit recognizes the "first-filed" rule, which gives priority to the first suit filed absent a balance of convenience favoring the second filed. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2, 181 (4th Cir. 1974) (finding that the first-to-file principle is "a rule of sound judicial administration"). The factors a court considers in weighing the conveniences in this circumstance are essentially the same as those considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *See, e.g.*, *Employers Ins. of Wasau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp.*, 2010 WL 2465543 (W.D.N.C. Jun. 14, 2010). Accordingly, the court will consider: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden of clearly establishing that these factors favor transfer. *See, e.g.*, *Citigroup v. City Holding Co.*, 97 F.Supp.2d 549 (S.D.N.Y. 2000).

### III.  Analysis

This case was filed before the Arizona action was filed, and it, therefore, receives the benefit of a presumption that it should remain before this court. That presumption can be overcome if the balance of convenience favors the Arizona action.[1] In looking at these

---

[1] At the time that the Republic Defendants filed their motion, the Arizona case was pending in state court. As such, the majority of the Defendants' argument in that first brief focuses on four

4

convenience factors, it is important to look to the specific claims made in the Complaint. In this case, the Plaintiff has asked for a declaratory judgment that it does not have a duty to either defend or indemnify the Defendants based on the following parts of the Policy that allegedly bar coverage:

- non-disclosed conditions exclusion – the Defendants misrepresented the magnitude and status of the odor problems at the Landfill;
- declarations and representations condition – the Defendants misrepresented and failed to disclose the status of the odor problems at the Landfill in the material provided by the Defendants in conjunction with the issuance of the Policy;
- cooperation and consent condition precedent – the Defendants have incurred charges and expenses, made payments, and assumed obligations related to the *Berry* and *Babb* lawsuits without Indian Harbor's consent, and the Defendants have failed to cooperate with the Plaintiff as required by the Policy;
- late notice – the Defendants did not notify the Plaintiff of the *Berry* lawsuit until March 2010 though the suit was filed in August 2009; and
- other coverage issues.

The Plaintiff has also asked this court to rescind the Policy.

---

factors set forth by the Fourth Circuit to determine whether a district court should proceed with a federal declaratory judgment action when a parallel state action is pending. These factors are called the *Nautilus* factors. However, since the Arizona state court action was removed to federal court, there is no longer a parallel state action pending, and the *Nautilus* factors are no longer relevant to this court's determination of whether this case should be dismissed or stayed.

5

The Plaintiff urges this court that to the extent that it is necessary to call the plaintiffs in the *Babb* and *Berry* lawsuits as witnesses or to add them as parties to this action, South Carolina is the better forum.  Additionally, Plaintiff points out that South Carolina is the more convenient forum for witnesses such as landfill employees or management who live near the landfill.  However, it appears from the Complaint that this coverage dispute turns on the communication, or lack thereof, between the Republic Defendants and Indian Harbor with regard to the *Babb* and *Berry* lawsuits.  Thus, this court agrees with the Republic Defendants' assertion that the relevant witnesses and information regarding the coverage issues reside with their corporate risk management department employees in Phoenix, Arizona.  With that in mind, the first four balance of convenience factors (access to sources of proof, convenience of parties and witnesses, cost of attendance of witnesses, and compulsory process) favor dismissing this case in so that the Arizona case may proceed.  The fifth factor, the possibility of a view by the jury, is not pertinent to this case.  As to the sixth and seventh factors (the interest of having local controversies decided at home and the interests of justice), this court finds that these factors do not favor one side or the other.  Plaintiff submits that South Carolina has an overriding interest in having this controversy decided at home, as it has expressed a specific desire that its law be applied in disputes arising out of insurance policies relating to "property, lives, or interests in this State."  S.C. Code Ann. § 38-61-10.  However, while South Carolina law may need to be applied in this case, this declaratory judgment action does not necessarily have to be decided in South Carolina.  This court is further concerned that its continued role as in the *Babb* case could cause a conflict as these cases

proceed simultaneously.[2]  Because the balance of convenience factors favor dismissing this case so that the Arizona case may proceed, and because this court has been given great latitude in determining whether to exercise jurisdiction over declaratory judgment actions, this court declines to exercise jurisdiction over the instant action.

## IV.     Conclusion and Recommendation

This court hereby grants the Republic Defendants' Motion to Dismiss this Action. (ECF No. 8).  Accordingly, this case is dismissed.

IT IS SO ORDERED.

December 10, 2012                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[2] As noted previously, numerous legal issues remain to be resolved in the *Babb* case.  These include the plaintiff's entitlement to punitive damages and, if allowed, the amount of the punitive damage award.  Additionally, once the court receives answers from the South Carolina Supreme Court to the certified questions, it will be necessary for the court to revisit the actual damages component of the jury award.  Finally, there is pending before this court the plaintiff's request for injunctive relief, which might cause the court to have to become intimately involved in the remediation efforts at the landfill.  Also, five additional cases have now been filed by residents who live near the Bishopville Landfill, and several more are expected.  This court will thus be involved in a host of factual disputes involving the landfill, which could present problems to this court if it were resolving insurance coverage disputes at the same time, some of which might involve those same facts.

7